**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Michelle Barton Smigel, P.C.**, OSB No. 045530
michelle.smigel@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Fax:  503.224.0155

    Attorneys for Defendants
    Oregon State University and Mike Riley

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KRISTIN SAMUELSON, | CV No. 6:15-cv-01648 |
| Plaintiff, | DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT |
| v. | **REQUEST FOR ORAL ARGUMENT** |
| OREGON STATE UNIVERSITY, and MIKE RILEY, as an individual, | |
| Defendants. | |

Page 1 -    Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ...................................................................................................... 2

    A.     Plaintiff's Title IX Claim Should Be Dismissed (First Claim for Relief)............. 2

        1.    Title IX's history concerning damages for alleged sexual harassment................................................................................. 2

        2.    When a plaintiff's complaint does not allege actual knowledge and control of the harasser and context of harassment, a Title IX claim cannot survive ................................................................... 5

        3.    Plaintiff's allegations address an alleged off-campus sexual assault by a nonstudent ........................................................................ 7

        4.    Plaintiff's complaint does not state a claim for a Title IX violation .......... 8

            a.    Plaintiff's complaint shows that OSU did not have sufficient control of the harasser or the context to state a Title IX claim ............................................................... 8

            b.    The complaint shows that plaintiff cannot establish actual knowledge of known sex harassment ............................. 9

            c.    Plaintiff's complaint shows that OSU did not subject her to harassment.............................................................. 10

            d.    Plaintiff's complaint shows that her claim is barred by the statute of limitations.................................................. 11

    B.     Plaintiff's Substantive Due Process Claim Under Section 1983 Should Be Dismissed (Second Claim for Relief) .................................................. 14

        1.    Substantive due process liability standards for danger creation ............. 14

        2.    Plaintiff's complaint shows that she cannot establish a substantive due process violation................................................................ 17

        3.    Riley is entitled to qualified immunity as a matter of law..................... 17

        4.    Plaintiff's complaint shows that the due process claim is barred by the statute of limitations................................................................ 19

    C.     Plaintiff's Equal Protection Claim Under Section 1983 Should Be Dismissed (Third Claim for Relief) .................................................... 21

        1.    Equal protection liability standards ........................................... 21

        2.    Plaintiff's complaint does not allege equal protection liability............... 22

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF CONTENTS
## (continued)

**Page**

    3.    Riley is entitled to qualified immunity ...................................................... 23

    4.    Plaintiff's complaint shows that this claim is barred by the statute
          of limitations ............................................................................................. 24

III.    CONCLUSION ............................................................................................................. 24

Page ii -    Table of Contents

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Pipe & Constr. Co. v. Utah,*
  414 US 538, 94 S Ct 756, 38 L Ed 2d 713 (1974)..................................................11

*Ashcroft v. al-Kidd,*
  563 US 731, 131 S Ct 2074, 179 L Ed 2d 1149 (2011)..........................................18

*Ashcroft v. Iqbal,*
  556 US 662, 129 S Ct 1937, 173 L Ed 2d 868 (2009)............................................2

*Belanus v. Clark,*
  796 F3d 1021 (9th Cir 2015) ................................................................................19

*Cannon v. Univ. of Chicago,*
  441 US 677, 99 S Ct 1946, 60 L Ed 2d 560 (1979)................................................3

*Clifford v. Regents of Univ. of Cal.,*
  No. 2:11-CV-02935-JAM-GGH, 2012 WL 1565702 (ED Cal Apr. 30, 2012),
  *aff'd,* 584 F App'x 431 (9th Cir 2014)..................................................................6

*G.C. ex rel. Counts v. N. Clackamas Sch. Dist.,*
  654 F Supp 2d 1226 (D Or 2009) ....................................................................21, 22

*Davis v. Monroe Cnty. Bd. of Educ.,*
  526 US 629, 119 S Ct 1661, 143 L Ed 2d 839 (1999)...........................3, 4, 5, 9, 10

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,*
  489 US 189, 109 S Ct 998, 103 L Ed 2d 249 (1989)........................................15, 16

*Doe v. Round Valley Unified Sch. Dist.,*
  873 F Supp 2d 1124 (D Ariz 2012) ................................................6, 8, 15, 16, 18

*Doe v. Univ. of Pac.,*
  No. CIV. S-09-764.............................................................................................5, 10

*Franklin v. Gwinnett Cnty. Pub. Schs.,*
  503 US 60, 112 S Ct 1028, 117 L Ed 2d 208 (1992)..............................................3

*Funez ex rel. Funez v. Guzman,*
  687 F Supp 2d 1214 (D Or 2009) ...............................................................15, 22, 23

*Gebser v. Lago Vista Indep. Sch. Dist.,*
  524 US 274, 118 S Ct 1989, 141 L Ed 2d 277 (1998)...........................3, 5, 8, 9, 10

70058004.1

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## TABLE OF AUTHORITIES
### (continued)

**Page**

*J.M.O. v. Keesee*,
   No. 3:14-cv-00834-MO, 2015 WL 2380944 (D Or May 19, 2015) ................................12, 20

*L.W. v. Grubbs (Grubbs I)*,
   974 F2d 119 (9th Cir 1992) ...................................................................................................15

*Lukovsky v. City & Cnty. of San Francisco*,
   535 F3d 1044 (9th Cir 2008) ...........................................................................................19, 20

*Mongeon v. City of Portland*,
   No. 3:13-CV-2013-ST, 2015 WL 5129561 (D Or July 2, 2015), *report and recommendation adopted as modified*, 2015 WL 5130254 (D Or Sept. 1, 2015) ...................................................................................................................................11

*Patel v. Kent Sch. Dist.*,
   648 F3d 965 (9th Cir 2011) .............................................................................................16, 17

*Pergande v. Trumbo*,
   No. 6:10 CV 6314-TC, 2013 WL 4083337 (D Or Aug. 7, 2013)...........................................18

*Plumhoff v. Rickard*,
   ____ US ____, 134 S Ct 2012, 188 L Ed 2d 1056 (2014) .....................................................18

*Reese v Jefferson Sch. Dist. No. 14J*,
   208 F3d 736 (9th Cir 2000) ...................................................................................................5

*Roe v. St. Louis Univ.*,
   746 F3d 874 (8th Cir 2014) ................................................................................................6, 9

*Sohal v. City of Merced Police Dep't*,
   No. CV F 09-0160 AWI DLB, 2009 WL 961465 (ED Cal Apr. 8, 2009)...........................21, 23

*Stanley v. Trs. of Cal. State Univ.*,
   433 F3d 1129 (9th Cir 2006) .............................................................................................11, 12

*Taylor v. Barkes*,
   ____ US ____, 135 S Ct 2042, 192 L Ed 2d 78 (2015)..........................................................18

*Twersky v. Yeshiva Univ.*,
   993 F Supp 2d 429 (SDNY), *aff'd*, 579 F App'x 7 (2d Cir 2014), *cert denied*, 135 S Ct 1702 (2015)
   ..............................................................................................................13, 14, 20, 24

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Wyler v. Connecticut State Univ. Sys.*,
  2015 WL 1456750 (D Conn Mar. 30, 2015) ....................................................................21, 23

**Statutes**

20 USC § 1681(a) ...................................................................................................................2, 9

42 USC § 1983 ............................................1, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22

ORS 12.110 ...........................................................................................................................11, 19

**Other Authorities**

62 Fed Reg 12,034 (Mar. 13, 1997) ..........................................................................................5

Fourteenth Amendment .............................................................................................................21

Fed R Civ P 12(b)(6) ....................................................................................................1, 2, 10, 23

http://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf ........................................5

*Revised Sexual Harassment Guidance: Harassment of Students by School
  Employees, Other Students, or Third Parties*,
  http://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf ....................................................5

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## LR 7-1 CERTIFICATE

Counsel for defendants, Oregon State University ("OSU") and Mike Riley, conferred about the dispute with counsel for plaintiff through a telephone conference, but the parties have been unable to resolve the dispute.

## LOCAL RULE 7-2 CERTIFICATION

This memorandum complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 8,492 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

In accordance with Fed R Civ P 12(b)(6), defendants, OSU and Mike Riley, move to dismiss the complaint because it fails to state a claim on which relief can be granted.

## MEMORANDUM

## I.    INTRODUCTION

Neither Title IX of the Education Amendments of 1972 ("Title IX") nor 42 USC § 1983 ("Section 1983") extends liability to a university or individual for an off-campus sexual assault by a nonstudent on the basis that the University allegedly should have taken certain action toward the assailant's cousin.  But that is what plaintiff's complaint seeks to do.  Under plaintiff's apparent theories, universities will have an entirely new duty to prevent crimes in areas over which they have no control and by individuals over whom they have no control or any relationship, and a plaintiff dissatisfied with a school's response to alleged sexual harassment could wait over a decade to file suit.  The allegations of the complaint do not meet the standards to survive dismissal under Fed R Civ P 12(b)(6), and while OSU is saddened by the experiences described in plaintiff's complaint, the complaint shows that plaintiff is making untenable claims

Page 1 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

on the merits and claims that are time-barred.  The complaint's allegations demonstrate that OSU and Riley are entitled to dismissal and to judgment.

## II.    ARGUMENT

Plaintiff's claims assert that OSU and Riley are liable based on an off-campus rape of plaintiff by the cousin of an OSU student.  The allegations assert liability based on the rape itself and because of OSU's alleged response to the student's report of alleged sexual misconduct.  (Compl. ¶¶ 25, 28, 29, 31.)  Under Fed R Civ P 12(b)(6), a claim does not survive unless the plaintiff's alleged grounds and entitlement to relief and the factual matter, while accepted as true, "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 US 662, 663, 129 S Ct 1937, 173 L Ed 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570, 127 S Ct 1955, 167 L Ed 2d 929 (2007)).  Courts rely on "judicial experience and common sense" to determine whether the factual allegations "plausibly give rise to an entitlement to relief."  *Iqbal*, 556 US at 679.  Here, plaintiff's allegations, which focus on OSU and Riley's alleged knowledge that one OSU student would associate with a sexually violent nonstudent who would sexually assault another OSU student off its campus, do not plausibly lead to liability.

## A.    Plaintiff's Title IX Claim Should Be Dismissed (First Claim for Relief).

### 1.    Title IX's history concerning damages for alleged sexual harassment.

Congress enacted Title IX in 1972.  It provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 USC § 1681(a).[1]

Title IX does not expressly provide a private right of action.  In 1979, considering a claim of intentional gender discrimination in a university's admissions process, the Supreme

---

[1] Title IX applies to recipients of federal funding.  Many educational institutions are recipients, and defendants use the term "institutions" here in place of "recipients."

Page 2 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Court implied a private cause of action for victims of discrimination. *Cannon v. Univ. of Chicago*, 441 US 677, 709, 99 S Ct 1946, 60 L Ed 2d 560 (1979). In 1992, in *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 US 60, 75, 112 S Ct 1028, 117 L Ed 2d 208 (1992), a case alleging coerced sex by a public school teacher toward a student, the Supreme Court held that money damages are available under Title IX's implied cause of action.

      In 1998, the Supreme Court again faced a Title IX harassment claim with facts similar to those alleged in *Franklin*—a public school teacher sexually harassing an eighth-grade student. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 US 274, 118 S Ct 1989, 141 L Ed 2d 277 (1998). The Supreme Court rejected vicarious liability theories advanced by the plaintiff in which she tried to hold the school district accountable through *respondeat superior*. 524 US at 285. *Gebser* contains a thorough analysis of Title IX, recognizing that Congress's express regulatory enforcement scheme precludes administrative action without notice and an opportunity to come into compliance:

> "It would be unsound, we think, for a statute's *express* system of enforcement to require notice to the recipient and an opportunity to come into voluntary compliance while a judicially *implied* system of enforcement permits substantial liability without regard to the recipient's knowledge or its corrective actions upon receiving notice." *Gebser*, 524 US at 289.

      Thus, under *Gebser*, Title IX allows damages when a school has actual knowledge of harassment by teachers and the school is deliberately indifferent toward the known harassment. *Gebser*, 524 US at 277.

      The Supreme Court considered liability for peer sexual harassment in 1999 in *Davis v. Monroe Cnty. Bd. of Educ.*, 526 US 629, 119 S Ct 1661, 143 L Ed 2d 839 (1999). There, presented with a fifth-grader who had been "the victim of a prolonged pattern of sexual harassment" perpetrated by a classmate at school, and a principal with actual knowledge who took virtually no steps to discipline the harasser (or even separate the two children), the Supreme Court ruled that "in certain limited circumstances" a school could be liable for deliberate

Page 3 -    Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

indifference for peer-on-peer harassment.  *Davis*, 526 US at 633, 643.  The "limited

circumstances" arise only:

- When the institution has substantial control over the alleged
  harasser.  "[T]he set of parties whose known acts of sexual
  harassment can trigger some duty to respond on the part of the
  funding recipients" is "narrowly circumscribe[d]" by the language
  of Title IX and the "deliberate indifference" standard.  "A recipient
  cannot be directly liable for its indifference where it lacks the
  authority to take remedial action."  *Davis*, 526 US at 644.
  Recognizing the limits of control, the Court explained that "[a]
  university might not, for example, be expected to exercise the same
  degree of control over its students that a grade school would enjoy
  * * *."  *Davis*, 526 US at 649.  Explaining these contours, the
  Court indicated, "The fact that it was a teacher who engaged in
  harassment in *Franklin* and *Gebser* is relevant.  * * * Peer
  harassment, in particular, is less likely to satisfy these requirements
  than is teacher student harassment."  526 US at 653.

- When the harassment occurs "under" "the operations of" an
  educational institution recipient.  *Davis*, 526 US at 645 (citing
  21 USC §§ 1681(a), 1687).  This, the Court explained, meant that
  "the harassment must take place in a context subject to the school
  district's control."  *Id.*  The *Davis* Court "conclude[d] that
  recipients of federal funding may be liable for 'subject[ing]' their
  students to discrimination where the recipient is deliberately
  indifferent to known acts of student-on-student sexual harassment
  and the harasser is under the school's disciplinary authority."
  *Davis*, 526 US at 646-47.

In *Davis*, the Supreme Court determined that a Title IX damages action against an

institution would lie when the institution itself was subjecting a person to a hostile environment

by ignoring a situation over which it had control—an elementary student harassing another

elementary student.  For liability to lie, the institution's deliberate indifference to harassment

about which it has actual knowledge must "cause [students] to undergo harassment or make them

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

liable or vulnerable to it." *Davis*, 526 US at 644-45 (internal quotation marks and citations omitted).[2]

2.    When a plaintiff's complaint does not allege actual knowledge and control of the harasser and context of harassment, a Title IX claim cannot survive.

Courts have applied *Davis* and *Gebser* and explained when allegations can constitute viable cognizable Title IX claims and when they cannot.

In a recent case concerning an alleged sexual assault by three members of a basketball team, the Ninth Circuit affirmed application of the *Davis* factors, as articulated in *Reese v Jefferson Sch. Dist. No. 14J*, 208 F3d 736, 739 (9th Cir 2000), to affirm the district court's grant of summary judgment to University of the Pacific ("UOP"). *Doe v. Univ. of Pac.*, No. CIV. S-09-764 FCD/KJN, 2010 WL 5135360, at *10 (ED Cal Dec. 8, 2010), *aff'd*, 467 F App'x 685 (9th Cir 2012).  UOP did not have "actual knowledge" that any of the assailants in the case at issue had been involved in a previous campus sexual assault, and as a result, the claim based on UOP's causing a sexual assault could not survive summary judgment.  *Univ. of Pac.*, 2010 WL 5135360, at *12.  The district court pointed out that UOP could not subject the plaintiff to sexual harassment when it had no knowledge of the harasser's identity.  *Id. (*citing *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F3d 736, 740 (9th Cir 2000)).  By definition, there is no actual knowledge in such a circumstance.

---

[2] In 2001, the Office of Civil Rights ("OCR") of the United States Department of Education issued *Revised Sexual Harassment Guidance:  Harassment of Students by School Employees, Other Students, or Third Parties*, http://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf. OCR described *Davis* and *Gebser* and stepped away from guidance standards set out in initial guidance in 1997, 62 Fed Reg 12,034 (Mar. 13, 1997), which had suggested that liability could be grounded on something less than actual notice and deliberate indifference.  OCR indicated that its standards applied to administrative enforcement of Title IX, not damage actions such as this one.  The Supreme Court has "never held * * * that the implied private right of action under Title IX allows recovery in damages for violation[s] of [various OCR regulatory] requirements." *Gebser*, 524 US at 292.  In April 2011, OCR issued a Dear Colleague Letter concerning campus sexual violence, a "significant guidance document," also recognizing that damages lawsuits are evaluated under the court standards, not OCR's interpretations expressed through its guidance documents.  http://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf.

Page 5 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Other courts have applied the Supreme Court's requirement that an institution must have "substantial control" over both the harasser and the context of the harassment.  In *Doe v. Round Valley Unified Sch. Dist.*, 873 F Supp 2d 1124 (D Ariz 2012), the court dismissed a Title IX claim against a school district based on *student-to-student harassment* when the harassment occurred off campus and the fund recipient had no control over off-campus activity.  873 F Supp 2d 1124, 1136.  The alleged harasser was both a student and the principal's son.  But "the school did not exercise substantial control over the 'context' of [the harasser's] sexual conduct with [plaintiff]," which had allegedly occurred at a party off campus.  873 F Supp 2d at 1136.  The court explained:  "Although the * * * incident began at school with an invitation to go to lunch, it is not harassment to invite someone to lunch—and that is the only conduct over which the school might exercise substantial control."  *Id.*  Similarly, when faced with a student's allegation that he had been sexually harassed during an off-campus fraternity event, in granting a university's motion to dismiss, the Eastern District of California explained that "there are no facts alleged showing the University * * * had substantial control over the alleged harassers and the context in which the events occurred."  *Clifford v. Regents of Univ. of Cal.*, No. 2:11-CV-02935-JAM-GGH, 2012 WL 1565702, at *7 (ED Cal Apr. 30, 2012), *aff'd*, 584 F App'x 431 (9th Cir 2014) (citing *Ostrander v. Duggan*, 341 F3d 745, 750-51 (8th Cir 2003)).

Other decisions conclude similarly:

- *Roe v. St. Louis Univ.*, 746 F3d 874, 884 (8th Cir 2014).  The plaintiff alleged that she had been raped by another student in an off-campus apartment.  And when the university did not have control over the context of the rape, the Eighth Circuit, affirming a grant of summary judgment for the university, stated:  "The Supreme Court has made it clear * * * that to be liable for deliberate indifference under Title IX, a University must have had control over the situation in which the harassment or rape occurs."  *Id.*

- *Tyrrell v. Seaford Union Free Sch. Dist.*, 792 F Supp 2d 601, 629 (EDNY 2011).  The plaintiff alleged that she had been sexually assaulted off campus by a nonstudent.  "Although such conduct

Page 6 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

may be objectively offensive and severe, and rise to the level of pervasiveness required under Title IX, Seaford UFSD did not, *inter alia*, have control over either the alleged assailant or the context in which the conduct occurred.  Accordingly, plaintiff cannot base any Title IX claim against the Seaford UFSD on the April 1, 2005 incident itself."  *Id*.

- *Mattingly v. Univ. of Louisville*, No. 3:05CV-393-H, 2006 WL 2178032, at *4 (WD Ky July 28, 2006).  When the plaintiff was a student on a foreign trip with her school and had been raped off campus by an individual who was not a student or employee, the court found that the school could not be liable under Title IX.

These cases and the principles of Title IX liability show that cases alleging claims like the Title IX claim alleged in this case are not viable.

      3.    <u>Plaintiff's allegations address an alleged off-campus sexual assault by a nonstudent</u>.

Plaintiff's allegations demonstrate that she cannot establish Title IX liability.  Key allegations that the court at this stage must accept:

- Plaintiff attended an off-campus party in 1999.  (Compl. ¶ 8.)

- Plaintiff was sexually assaulted off campus by the nonstudent cousin of a student on OSU's football team.  (Compl. ¶¶ 8, 16.)

- In October 1999, plaintiff thought OSU's response to her statements to a sexual assault counselor in Student Health Services dissuaded her from seeking help from OSU and from doing anything further to hold the alleged rapist accountable.  (Compl. ¶¶ 10, 11.)

- Plaintiff asserts that OSU had "actual knowledge of the substantial risk that Carlyle [the football player] *would associate with other sexually violent males who would sexually harass OSU's female students at his apartment based upon prior conduct by Carlyle and his associates*."  (Compl. ¶ 25 (emphasis added).)

Page 7 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

- Plaintiff was raped by Carlyle's cousin "as a result of OSU's deliberate indifference."  (Compl. ¶ 29.)

None of these allegations nor any others lead to a cognizable Title IX claim.

    4.    <u>Plaintiff's complaint does not state a claim for a Title IX violation</u>.

        a.    Plaintiff's complaint shows that OSU did not have sufficient control of the harasser or the context to state a Title IX claim.

All of plaintiff's allegations relate to a nonstudent incident and to harassment that occurred off OSU's campus.  This is the very type of claim that does not fall within the "narrowly circumscribed" type described by the Supreme Court, a case in which a school has control over both the harasser and the context of the harassment, such that it can be liable for gender discrimination.  The allegations here are even more tenuous than a case such as *Round Valley Unified Sch. Dist.*, 873 F Supp 2d 1124, a case in which the harasser was related to a school leader and initiated the harassment on campus and in which the plaintiff's Title IX claim was untenable.

It simply does not meet the plausibility standard that OSU can be liable for the 1999 rape of a student off campus by a student's cousin, as alleged by plaintiff.  Allowing plaintiff to proceed under such an alleged set of facts would effectively make OSU responsible for the conduct of any person marginally connected to the school—the connection here is being related to someone who attends a university.  A school is not even liable for the conduct of its teacher, a circumstance with a high degree of control and context, unless the school knows that the teacher is engaged in harassment and ignores it.  *See Gebser*, 524 US at 277.  The Supreme Court rejected *respondeat superior* liability in Title IX claims, but plaintiff is effectively asking the court to allow her to proceed on an *in loco parentis* theory against OSU, resulting in OSU's

Page 8 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

having to somehow control not only its campus but off-campus residences and the conduct of

nonstudents.  Title IX requires far more control than alleged or can be alleged here.

*See Roe*, 746 F3d at 874 (affirming summary judgment ruling based in part on control when

allegations related to off-campus conduct—in that case by a student, unlike the allegations here).

   That plaintiff cannot allege control is problematic with respect both to allegations

concerning alleged indifference to the football player's actions the year before plaintiff's assault

and to allegations about OSU's response to the reported assault.  Title IX precludes a school from

excluding participation in, denying benefits of, or subjecting to discrimination in programs or

activities on the basis of gender.  20 USC § 1681(a).  As evident from *Gebser*, *Davis*, and their

progeny, Title IX does not make institutions responsible agencies for sexual assault or responses

to it arising in circumstances beyond which they have control over the context and harasser.

Creating damages liability on these allegations would take Title IX damages liability far beyond

the "certain limited circumstances" under which the Supreme Court has indicated an institution

may be civilly liable.

   b. The complaint shows that plaintiff cannot establish actual knowledge of
     known sex harassment.

   To state a cognizable claim for peer harassment under Title IX, the complaint

allegations must indicate that OSU had actual knowledge of sexual harassment.  Plaintiff's claim

that she was raped by a football player's cousin is based on alleged actual knowledge of conduct

by the football player, not conduct by the cousin—the harasser.  Thus, the "actual knowledge"

that plaintiff is really alleging is alleged actual knowledge that the football player would

associate with other sexually violent males, not actual knowledge of the harasser's conduct.

(Compl. ¶ 25.)  This is not the type of actual knowledge that leads to liability.  It is plain that

Page 9 - Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

liability under *Gebser* and *Davis* and decisions interpreting them is actual knowledge that the harasser will harass and ignoring it.

The actual knowledge requirement of a Title IX claim must be read in conjunction with the requirements of control over the harasser and control over the context of the harassment, as well as the requirement that the institution causes harassment. There is no allegation that OSU had actual knowledge of the player's cousin's having ever engaged in harassing conduct, and the complaint is built around a theory that OSU need not have any such knowledge. This critical lack of a basis for liability also demonstrates that the Title IX claim should be dismissed under Fed R Civ P 12(b)(6).

          c.     Plaintiff's complaint shows that OSU did not subject her to harassment.

As the Supreme Court explained in *Davis*, an institution's deliberate indifference must cause harassment or make a student more vulnerable to harassment, which occurred in *Davis* because the school knew of the harasser and subjected the plaintiff to harassment by ignoring concerns raised by the plaintiff about him. No facts in plaintiff's complaint can plausibly be read to allege that OSU's alleged indifference to the player's situation a year earlier caused harassment by the player's cousin or made plaintiff more vulnerable to off-campus harassment by a nonstudent. As a matter of law, OSU could not have made plaintiff more vulnerable to harassment by a nonstudent simply by (allegedly) failing to address his cousin's conduct. *See Univ. of Pac.*, 2010 WL 5135360, at *12 ("when the school is not actually aware of the harassment or the harassers' identities until after the school year was over, it cannot be deemed to have subjected the plaintiff to the harassment"). If plaintiff's allegations show OSU subjected plaintiff to harassment, then OSU would conceivably be liable for any male the player might associate with. And even if OSU had expelled the player, an off-campus sexual assault by

Page 10 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

his cousin would not be conduct OSU subjected a person to.  Plaintiff's allegations that

demonstrate OSU could not have caused harassment provide yet another basis for dismissal.

      d.    Plaintiff's complaint shows that her claim is barred by the statute of
limitations.

Because Title IX does not have an express statute of limitations, courts "borrow

the most appropriate state statute of limitations." *Stanley v. Trs. of Cal. State Univ.*, 433 F3d

1129, 1134 (9th Cir 2006) (internal quotation marks and citations omitted).  In the case of both

civil rights and Title IX claims, the "borrowed" statute of limitations is the state's statute of

limitations for personal injury.  *Id.*  Statutes of limitations, of course, have a purpose:  they "are

'designed to promote justice by preventing surprises through the revival of claims that have been

allowed to slumber until evidence has been lost, memories have faded, and witnesses have

disappeared.  The theory is that even if one has a just claim, it is unjust not to put the adversary

on notice to defend within the period of limitation and that the right to be free of stale claims in

time comes to prevail over the right to prosecute them.'"  *Am. Pipe & Constr. Co. v. Utah*,

414 US 538, 554, 94 S Ct 756, 38 L Ed 2d 713 (1974) (quoting *Order of R.R. Telegraphers v.

Ry. Express Agency*, 321 US 342, 348-49, 64 S Ct 582, 88 L Ed 788 (1943)).

In Oregon, the statute of limitations for personal injury is two years.  ORS 12.110;

*see, e.g.*, *Mongeon v. City of Portland*, No. 3:13-CV-2013-ST, 2015 WL 5129561, at *5 (D Or

July 2, 2015), *report and recommendation adopted as modified*, 2015 WL 5130254 (D Or

Sept. 1, 2015) (statute of limitations for Section 1983 action is the personal injury statute of

limitations, which is two years in Oregon under ORS 12.110(1)).  Accordingly, the statute of

limitations on plaintiff's Title IX claim is two years.  Plaintiff's claim is plainly barred because

her claims arise from an alleged injury in 1999, and she filed her complaint in 2015.  (Compl.

¶¶ 8, 10.)

Title IX does not include a discovery rule with respect to statutes of limitations,

but even if it did, the discovery rule would be unavailing to plaintiff.  While federal courts

Page 11 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

borrow from state law for an applicable statute of limitations on Title IX claims, federal law governs when the claim accrues. *Stanley*, 433 F3d at 1136 (quoting *Hoesterey v. City of Cathedral City*, 945 F2d 317, 319 (9th Cir 1991)). Under federal law, the "touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (quoting *Cline v. Brusett*, 661 F2d 108, 110 (9th Cir 1981)).

Earlier this year, this court explained and applied the federal discovery rule to a Section 1983 claim. *J.M.O. v. Keesee*, No. 3:14-cv-00834-MO, 2015 WL 2380944, at *2 (D Or May 19, 2015). There, the plaintiff brought claims against an individual police officer and the City of Sherwood, alleging that when he had reported abuse by the officer's wife, the individual officer used his position to retaliate against the plaintiff. *J.M.O.*, 2015 WL 2380944, at *1. The plaintiff believed that the city defendant repeatedly condoned the officer's actions. Although the events at issue all occurred before 2009, the complaint was not filed until 2014. 2015 WL 2380944, at *2. The plaintiff argued that his claim did not accrue until 2013, when he spoke to a detective in the Tigard Police Department and realized that he had a "legally cognizable" injury against the defendants. *Id.* Under the federal discovery rule, a "'claim accrues' not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury.'" *Id.* (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F3d 1044, 1048-50 (9th Cir 2008)). The plaintiff's claim accrued, the court held, at the moment the alleged misconduct occurred, because the plaintiff knew at that time that he had been injured and the perpetrator's identity. *Id.* The court summarized: "The test for accrual is not when the plaintiff knew or should have known that he had a legally cognizable injury and its cause, but rather when the plaintiff knew or should have known about the injury and its cause," and distinguished hidden injury in cases such as those involving asbestos or contaminated water. *Id.*

Page 12 -   Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Faced with the same argument that plaintiff is setting up here based on allegations related to reading about another student in the media, a federal district court held that former students' Title IX claims against a private high school and its administrators accrued at the time the abuse occurred, not when—years later—a school administrator admitted in a newspaper interview that administrators had been aware of the risk of sexual abuse at the time it was occurring. *Twersky v. Yeshiva Univ.*, 993 F Supp 2d 429 (SDNY), *aff'd*, 579 F App'x 7 (2d Cir 2014), *cert denied*, 135 S Ct 1702 (2015). There, plaintiffs alleged that abuse was known to the school and its administrators before additional acts of abuse occurred, and that the school and its administrators took no action to remedy that abuse, which allowed the additional abuse to occur. 993 F Supp 2d at 435. Although the alleged abuse had taken place many years earlier, the plaintiffs argued that "they could not have known about the defendants' awareness of the sex abuse at [the school] until the length and extent of the cover up was first presented in [a 2012 newspaper article with a school administrator]." 993 F Supp 2d at 436 (internal quotation marks and citation omitted).

The Second Circuit affirmed the district court's ruling that the plaintiffs' Title IX claim was time-barred by the statute of limitations. Although the court noted that it is uncertain that the statute of limitations includes a discovery rule, it found it unnecessary to decide this, because "plaintiffs' Title IX claims fail even under the discovery rule." *Twersky*, 993 F Supp 2d at 439. "[I]n applying a discovery accrual rule, [the Supreme Court] ha[s] been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Id.* (quoting *Rotella v. Wood*, 528 US 549, 555, 120 S Ct 1075, 145 L Ed 2d 1047 (2000)). Accordingly, although the plaintiffs alleged that "they were unaware that the school defendants had injured them, and unable with reasonable diligence to discover the school officials' deliberate indifference to 'actual knowledge' that school employees posed a substantial risk of sexually abusing students" until the administrator's interview, the court held that this was not sufficient to delay accrual of the plaintiffs' claims. 993 F Supp 2d at 440. Stating that "[t]his

Page 13 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

argument confuses knowledge of the existence of a legal right with knowledge of injury, contrary to the Supreme Court's teaching * * *," the court held that because the plaintiffs were "aware of their abuse at the time it occurred, and of the identity of their abusers and those who employed them," they had the relevant facts for purposes of Title IX claim accrual. *Id.* Thus, the Title IX claim was barred by the statute of limitations.

Here, to the extent that plaintiff alleges deliberate indifference discovered only after she read media accounts about another situation, any argument that her claim is not barred is unavailing. First, plaintiff asserts that in October 1999, she reported the assault, which she alleges occurred at an apartment "where some OSU football players lived," and that OSU's alleged response "caused plaintiff to feel even more shame, humiliation, and emotional distress," "dissuaded [plaintiff] from seeking any further help from OSU," and caused her to do nothing more. (Compl. ¶ 8, 10.) Although plaintiff alleges that she did not know the perpetrator of the assault, that is not the question in this case. In this case, plaintiff is suing OSU, claiming that OSU injured her based on deliberate indifference to sexual misconduct. Her allegations plainly reveal her knowledge that OSU's alleged indifference occurred in October 1999: "OSU's sexual assault counselor's words, inaction, and blame" dissuaded her from seeking help. (Compl. ¶ 11.) This is the gravamen of plaintiff's claim, which is based on her alleged injury from an assault and shows that she cannot overcome the statute-of-limitations hurdle that is evident from her complaint.

**B.    Plaintiff's Substantive Due Process Claim Under Section 1983 Should Be Dismissed (Second Claim for Relief).**

1.    <u>Substantive due process liability standards for danger creation</u>.

Plaintiff's second claim for relief asserts that Riley violated her substantive due process rights because the assailant's cousin was a member of the football team whom, she alleges, Riley should have treated differently following an incident involving someone else the year before. To prevail against Riley, plaintiff must show that he acted under color of state law

Page 14 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

and deprived plaintiff of a particular right. *L.W. v. Grubbs (Grubbs I)*, 974 F2d 119, 120 (9th Cir 1992). The allegations do not meet the plausibility standard and are barred by the statute of limitations in any event.

The particular right alleged by plaintiff is a substantive due process right to bodily integrity. (Compl. ¶ 43.) As a general rule, the Due Process Clause does not impose liability on a state actor for failing to protect an individual from harm by a third party. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 US 189, 195, 109 S Ct 998, 103 L Ed 2d 249 (1989). An exception exists allowing for substantive due process violations if a plaintiff can show that a defendant's action under color of state law "'affirmatively places the plaintiff in a position of danger, that is, where [the] action creates or exposes an individual to a danger which he or she would not have otherwise faced.'" *Funez ex rel. Funez v. Guzman*, 687 F Supp 2d 1214, 1227 (D Or 2009) (quoting *Johnson v. City of Seattle*, 474 F3d 634, 639 (9th Cir 2007), and rejecting generalized assertions about violence among children being a known danger). To allege a cognizable due process claim under an affirmative danger-creation theory, a plaintiff must plausibly (not just in conclusory terms) allege that (a) an unusually serious risk of harm existed; (b) the defendant had actual knowledge of (or at least willful blindness to) the risk; and (c) the defendant failed to take "'obvious steps'" to address the known risk. 687 F Supp 2d at 1228 (quoting *L.W. v. Grubbs (Grubbs II)*, 92 F3d 894, 900 (9th Cir 1996)). As described in *Funez*, the claim requires the actor to affirmatively place the plaintiff "in a 'unique, confrontational encounter' with a violent criminal." *Id.* (quoting *Johnson v. Dallas Indep. Sch. Dist.*, 38 F3d 198, 202 (5th Cir 1994)). Cases applying these requirements demonstrate that substantive due process claims arise when the risk and danger creation are specific and obvious, not under generalized notions of risk, and that claims such as the one alleged here are subject to dismissal.

In 2012, Arizona's federal district court dismissed a student's Section 1983 substantive due process claim against a school principal, based on alleged sexual harassment and assault by another student. *Round Valley Unified Sch. Dist.*, 873 F Supp 2d at 1135. The

Page 15 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

plaintiff alleged that the principal knew that her abuser—who was also the principal's son—had previously raped two other girls, but that he had failed to take measures to protect the student body from his son.  Applying *DeShaney*, the court found that the student's allegations did not meet the "affirmative conduct" element required to sustain a Section 1983 "danger creation" claim.  873 F Supp 2d at 1132.  Quoting the Ninth Circuit, the court reiterated that "the government actor must 'affirmatively create * * * an actual, particularized danger [that the plaintiff] would not otherwise have faced.'"  *Id.* (quoting *Kennedy v. City of Ridgefield*, 439 F3d 1055, 1063 (9th Cir 2006)).  It went on to say that "there is no 'affirmative act' when a government official allows a dangerous situation to develop or continue without intervention—even if the official affirmatively chooses not to intervene."  873 F Supp 2d at 1133.  Continuing in this vein:

> "Plaintiffs' complaint repeatedly accuses [the principal] of failing to do anything to protect the school community from [the perpetrator's] behavior, leaving [the perpetrator] free to seek sex from other girls.  That does not, in itself, qualify as an affirmative act necessary to state a § 1983 'state-created danger' claim.  [The principal] had no federal constitutional duty to protect his students from a known danger."  *Id*.

The Ninth Circuit recently discussed at length the parameters of a Section 1983 "danger creation" case, in the context of student-to-student sexual abuse while at school.  *Patel v. Kent Sch. Dist.*, 648 F3d 965 (9th Cir 2011).  There, a high school student with a disability brought a claim under Section 1983 against her teacher (among others) for failing to supervise her when she went to the restroom, which resulted in sexual encounters with another student.  *Id.* The Ninth Circuit granted summary judgment to the teacher because the "danger creation" exception to the "'general rule * * * that [a] state is not liable for its omissions'" did not apply.  648 F3d at 971 (quoting *Munger v. City of Glasgow Police Dep't*, 227 F3d 1082, 1086 (9th Cir 2000)).  The court explained that the exception applied only *both* when there was "affirmative conduct" by the state that placed the plaintiff in danger *and* when the state acted with "deliberate indifference" to a "known or obvious" danger.  648 F3d at 974.  In *Patel*, the court did not reach

Page 16 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the first element because it found the absence of the second element dispositive:  although the teacher knew about the plaintiff's propensity to become engaged in inappropriate sexual encounters and was supposed to be ensuring that the plaintiff did not go anywhere unescorted, the Ninth Circuit still found that she had not acted with deliberate indifference.  *Id*.  The court explained that deliberate indifference is "'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action'" and "requires a culpable mental state."  *Id.* (quoting *Bryan Cnty. v. Brown*, 520 US 397, 410, 117 S Ct 1382, 137 L Ed 2d 626 (1997)).  Because the teacher had not acted "in a manner contrary to assisting someone in a known, immediate danger," she was not liable to the plaintiff under Section 1983. 648 F3d at 975.  Thus, although discussing the deliberate indifference standard, *Patel*'s reasoning also emphasizes the affirmative act requirement: disregard of an obvious consequence of action.

2. <u>Plaintiff's complaint shows that she cannot establish a substantive due process violation</u>.

Plaintiff's allegations, summarized in paragraph 41 of the complaint, do not remotely approach the affirmative act of affirmatively creating danger, but instead focus on an alleged culture problem that did not even involve the assailant.  There is no Section 1983 liability here—it is not plausible that Riley could be liable for a due process violation.  No allegation suggests that Riley knew the player's cousin and that he was a specific risk to plaintiff but that Riley nevertheless placed plaintiff in a dangerous position where she would encounter him and be raped.  Instead the complaint, other than conclusory allegations, is premised on alleged omissions concerning someone other than the assailant.  It cannot be an obvious consequence of an allegedly inadequate response to one person's actions that a relative of the person will commit a violent crime.  No particularized danger can be gleaned from the complaint's allegations, nor can any act by Riley that he placed the plaintiff in a situation to face a particularized danger. Riley would somehow have to know (or it would an obvious risk) that by not undertaking a specific disciplinary response toward the player, the player's cousin would sexually assault

Page 17 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

plaintiff. That Riley's response to a player could result in liability for a constitutional deprivation based on the player's cousin's actions toward a person, a person that there is no allegation Riley knew, does not comport with common sense and unsurprisingly does not square with viable substantive due process claims. The substantive due process claim against Riley does not state a claim and should be dismissed.

   3.    Riley is entitled to qualified immunity as a matter of law.

   Because the claim is against Riley in his individual capacity, he is entitled to qualified immunity from plaintiff's Section 1983 claim. *Ashcroft v. al-Kidd*, 563 US 731, 131 S Ct 2074, 179 L Ed 2d 1149 (2011) (quoting *Malley v. Briggs*, 475 US 335, 341, 106 S Ct 1092, 89 L Ed 2d 271 (1986)). A plaintiff must overcome qualified immunity, and must plead that a clearly established constitutional right existed, so that an official is on notice that his conduct could lead to personal monetary liability. *Al-Kidd*, 131 S Ct at 2080 (quoting *Harlow v. Fitzgerald*, 457 US 800, 818, 102 S Ct 2727, 73 L Ed 2d 396 (1982)) ("Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."); *Taylor v. Barkes*, ____ US ____, 135 S Ct 2042, 2044-45, 192 L Ed 2d 78 (2015). It is plaintiff's burden to show that a clearly established constitutional right existed. *Pergande v. Trumbo*, No. 6:10 CV 6314-TC, 2013 WL 4083337, at *2 (D Or Aug. 7, 2013) (citing *Sorrels v. McKee*, 290 F3d 965, 969 (9th Cir 2002)) ("The plaintiff bears the burden of showing that the right was clearly established.").

   Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Plumhoff v. Rickard*, ____ US ____, 134 S Ct 2012, 2019, 188 L Ed 2d 1056 (2014) (internal quotation marks and citations omitted). Motions to dismiss are granted on the basis of a plaintiff's plain inability to overcome qualified immunity because an individual should not have to endure the litigation process unless the plaintiff will be able to demonstrate that he or she is not entitled to the immunity. *See, e.g.*, *Round Valley Unified Sch. Dist.*, 873 F Supp 2d at 1134-

Page 18 -    Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

35 (court dismissed the plaintiff's Section 1983 student-to-student harassment claim against school principal because the right that the plaintiff alleged was not "clearly established" law such that qualified immunity protected principal from suit).  And even if a clearly established right is at issue, pleaded facts must show unreasonable conduct in light of the clearly established right.

Again, plaintiff's allegations demonstrate as a matter of law that she cannot meet the particularized affirmative "danger creation" required to prove her claim.  Moreover, no case now, let alone before 1999 (the period in which plaintiff asserts that Riley violated her substantive due process rights), clearly establishes that a campus official could be liable for not taking enough action against a student so that the official is liable if another person, who is not a student but simply related to the student, allegedly commits a crime against the plaintiff.  The court need not reach the issue of qualified immunity because the facts pleaded show that plaintiff does not state a substantive due process claim and cannot prevail.  But even if one simply assumes that plaintiff theoretically pleaded some sort of due process claim, she cannot overcome Riley's qualified immunity because no facts alleged can be interpreted to suggest that Riley acted unreasonably in light of clearly established law.

4.     Plaintiff's complaint shows that the due process claim is barred by the statute of limitations.

As with Title IX, Section 1983 claims borrow the relevant state's statute of limitations for personal injury claims, which is ORS 12.110.  *Belanus v. Clark*, 796 F3d 1021, 1025 (9th Cir 2015) (quoting *Wilson v. Garcia*, 471 US 261, 280, 105 S Ct 1938, 85 L Ed 2d 254 (1985)) (lower court correctly applied the state's three-year statute of limitations governing actions "for an injury to the person or reputation of any person").  ORS 12.110 provides a two-year statute of limitations for personal injury actions.  Accordingly, like her Title IX claim, plaintiff's Section 1983 claim has a two-year statute of limitations.

In *Lukovsky*, 535 F3d at 1048, the plaintiffs alleged that they were not hired because of their race, but that they did not find out until years later that less qualified individuals

Page 19 -    Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

of a different race were hired; it was then that plaintiffs realized that they had been discriminated against.  They argued that for purposes of claim accrual, "knowledge of 'injury' includes both the actual injury (failure to hire) and the legal wrong (racial discrimination)."  *Id.*  The Ninth Circuit disagreed, holding that the plaintiffs' injury occurred when they "knew they had been injured and by whom."  535 F3d at 1051.  The fact that they did not learn of the "legal injury" until years later did not prevent their Section 1983 claims from accruing.  Because of this, the plaintiffs' claims were time-barred.

As explained in greater detail above, Oregon's federal district court applied *Lukovsky* to a Section 1983 claim earlier this year, and ultimately dismissed the plaintiff's claim because it was time-barred.  *J.M.O.*, 2015 WL 2380944.  There, the plaintiff's claim accrued when he knew of his injury and knew the perpetrator of his injury, not when he "knew or should have known that he had a legally cognizable injury and its cause."  2015 WL 2380944, at *2. Thus, the question here is when plaintiff knew she was injured and that her injury could relate in some way to OSU and people who worked for it.

As explained with respect to the Title IX claim, plaintiff alleges that she had concerns about OSU's response to sexual assault in 1999, and thus she knew, or in the exercise of reasonable diligence could have known, that she could pursue a claim related to alleged sexual misconduct, which is the injury forming the basis of her substantive due process claim.  As in *Twersky* (a lawsuit against a school and against individual defendants), when a plaintiff is allegedly rebuffed in response to a situation involving sexual harassment, the "circumstances put [a plaintiff] on at least inquiry notice as to administrators' knowledge of and indifference to other abuse."  *Twersky*, 579 Fed App'x at 10 (following principle that a plaintiff should seek legal advice when a plaintiff discovers or reasonably should discover enough facts that would prompt seeking legal advice).  Plaintiff alleges that the event she claims precipitates liability—the sex assault—occurred at a house "where some OSU football players lived."  (Compl. ¶ 8.)  Yet she is suing the football coach from the previous year 16 years later.  Likewise, *J.M.O.* was a claim

Page 20 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

against individuals and the city—the plaintiff asserting a belief that the city condoned misconduct only after learning information from an officer.  Plaintiff's substantive due process claim should be dismissed not only because it is substantively deficient, but also because it is untimely.

**C.      Plaintiff's Equal Protection Claim Under Section 1983 Should Be Dismissed (Third Claim for Relief).**

Plaintiff's third claim is an equal protection claim against Riley.  It, too, should be dismissed.

1.      Equal protection liability standards.

To plead a viable equal protection claim, a plaintiff must show that "defendants acted with an intent or purpose to discriminate against her based on her membership in a protected class," and gender is a protected class.  *G.C. ex rel. Counts v. N. Clackamas Sch. Dist.*, 654 F Supp 2d 1226, 1251 (D Or 2009) (citing *Lee v. City of Los Angeles*, 250 F3d 668, 686 (9th Cir 2001)).  Then plaintiff must "also show that she was treated differently from similarly situated students."  654 F Supp 2d at 1251 (citing *Estate of Macias v. Ihde*, 219 F3d 1018, 1028 (9th Cir 2000)).  When the plaintiff is a female student alleging an equal protection violation against the school, the plaintiff must "sho[w] that defendants treated plaintiff differently from similarly situated male[s]."  *Id.*  And "the plaintiff prosecuting a claim under Fourteenth Amendment Equal Protection has the burden to 'prove a chain of causation from animus to injury.'"  *Sohal v. City of Merced Police Dep't*, No. CV F 09-0160 AWI DLB, 2009 WL 961465, at *4 (ED Cal Apr. 8, 2009) (quoting *Hartman v. Moore*, 547 US 250, 259, 126 S Ct 1695, 164 L Ed 2d 441 (2006)).  Even a supervisor of a person who commits a harassing act can only be liable if the supervisor has personal involvement in the harassment such that there is an "affirmative causal link between inaction by the supervisory defendant and [the plaintiff's] injury."  *See Wyler v. Connecticut State Univ. Sys.*, 2015 WL 1456750 *11 (D Conn Mar. 30,

Page 21 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

2015)(dismissing equal protection claim against individual defendant when individual defendant did not have actual knowledge of subordinate employee's sexual harassment).

This court has addressed the parameters of an equal protection claim against individual state actors when a student harassed another. *G.C. ex rel. Counts*, 654 F Supp 2d 1226. There, the plaintiff, a minor with a disability, alleged that she had been sexually assaulted by another student, also developmentally delayed, and that he had previously sexually assaulted a different female student. Alleging that the school district and individuals employed by the school district had "failed to take adequate measures to prevent * * * subsequent assault or assaults" by the same male student, the plaintiff brought Section 1983 claims (among others) against both the school district and individuals employed by the school district, including a claim that all defendants had violated her right to equal protection. 654 F Supp 2d at 1229. "[T]he mere fact that plaintiff, a female, was allegedly assaulted and then allegedly raped by [the perpetrator], a male, after the alleged incident with [the first girl], does not, by itself, establish that [the individual defendants] acted, or failed to act, with the purposeful intent of discriminating against women." 654 F Supp 2d at 1252. The district court similarly dismissed an equal protection claim in *Funez* when the plaintiff generally alleged that a school allowed minority students to be unsupervised and the school district intentionally failed to remedy the risks associated with a lack of supervision because of the plaintiff's minority status. 687 F Supp 2d at 1226. To succeed on a Section 1983 equal protection claim against individual state actors, plaintiff must show that the individual actors intentionally treated her differently from a similarly situated male because of her gender and that intentional treatment caused her injury.

2.    Plaintiff's complaint does not allege equal protection liability.

Plaintiff's complaint describes an equal protection claim based not on animus toward plaintiff because of her gender or on treatment of plaintiff, but rather on Riley's alleged response to the student's conduct the previous year and broad-based alleged culture issues on the football team, some of which are attributed to others—such as assistant coaches. (Compl. ¶ 43.)

Page 22 -    Defendants' Motion to Dismiss and Memorandum in Support

70058004.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

There is no allegation of any relationship or connection between Riley and plaintiff that could somehow create an individual discrimination claim, nor do the allegations do anything other than incorporate the faulty Title IX theories into an equal protection claim.  As the *Funez* court found, "it is not clear how [an alleged racially motivated assault] resulted in the alleged violation of [the plaintiff's] right to equal protection."  687 F Supp 2d at 1226 (internal quotation marks and citation omitted).  Plaintiff must prove that any alleged discrimination caused her damage—a chain of causation from animus to injury.  *See Sohal*, 2009 WL 961465, at *4.  As a matter of law, she cannot do so because the act—alleged off-campus violence by a third party—cannot legally be causally connected to alleged discrimination against plaintiff.  Riley would not be liable as a supervisor of an employee without actual knowledge and personal involvement in an employee's harassment.  Yet plaintiff is attempting to pin liability on Riley for conduct off campus of a person Riley has no tie to based on the fact that the person's cousin was on the football team that Riley coached.  This does not approach the personal involvement required for Riley to be liable to plaintiff under an equal protection theory.  *See Wyler*, 2015 WL 1456750 at *11. Riley cannot be responsible under a substantive due process theory, and plaintiff cannot use another theory to end-run the fundamental problem she faces—Riley cannot be liable for the criminal conduct by a third party—by framing the facts as an equal protection claim.  The complaint does not state a claim for intentional and purposeful gender discrimination that injured plaintiff.  This claim should be dismissed because the allegations do not state a claim under Fed R Civ P 12(b)(6).

   3. <u>Riley is entitled to qualified immunity</u>.

   As described above, Riley can be liable only if he acted unreasonably in light of clearly established law.  Plaintiff's theory is that Riley is liable to her because of an alleged response to alleged harassment of another person.  As with her substantive due process claim, there is no equal protection claim now, let alone a clearly established one.  Nor was there in the

Page 23 - Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

period in which plaintiff's claim allegedly arose as a result.  Riley is entitled to qualified

immunity, and plaintiff's third claim should be dismissed.

    4.    <u>Plaintiff's complaint shows that this claim is barred by the statute of limitations</u>.

    As with plaintiff's other claims, her equal protection claim cannot overcome the

fact that her alleged injury occurred in 1999 and she filed her lawsuit in 2015, 16 years later.

The "circumstances put [a plaintiff] on at least inquiry notice as to administrators' knowledge of

and indifference to other abuse." *Twersky*, 579 F App'x at 10.  Here, plaintiff alleges in

paragraph 8 that she was in an apartment that had the player's name on a football jersey and

where football players lived at the time of the alleged assault.  Also, in paragraph 10 she alleges

that she did not engage in inquiring about the circumstances because of OSU's alleged response

to the sexual assault.  The injury that she claims to have suffered occurred in 1999.  Under the

alleged facts, plaintiff was on notice such that if OSU and administrators did not adequately

respond to sexual assault and somehow intentionally discriminated against her because of her

gender, she could pursue a claim.  The equal protection claim is subject to dismissal because it is

barred by the statute of limitations.

## III.    CONCLUSION

    Campus sexual harassment and assault have received substantial additional

attention since OCR issued its 2011 Dear Colleague Letter mentioned in footnote 2.  Efforts

concerning the subject have redoubled in recent years, and the media has reported on those

efforts and the challenges faced by victims of sexual assault.  But recent discussions, efforts to

address sexual assault, and publicity do not make claims viable simply because they are about

sexual assault, and they do not revive time-barred claims.

    OSU and Riley cannot lawfully be put in the position of trying to defend an

alleged situation from 16 years ago based on the conduct of an individual with no relationship to

OSU other than being related to a football player.  OSU and Riley respectfully ask the court to

Page 24 -    Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

dismiss the complaint—the allegations do not state claims for which relief can be granted, and the complaint shows the claims are barred by the statute of limitations.

DATED this 27th day of October, 2015.

MILLER NASH GRAHAM & DUNN LLP

*/s/ Michael Porter*

Michael Porter, P.C.
OSB No. 003560
mike.porter@millernash.com
Michelle Barton Smigel, P.C.
OSB No. 045530
michelle.smigel@millernash.com
Telephone:  503.224.5858
Fax:  503.224.0155

Attorneys for Defendants Oregon State University and Mike Riley

Page 25 -   Defendants' Motion to Dismiss and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

I hereby certify that I served the foregoing defendants' motion to dismiss and memorandum in support on:

> Ms. Katherine R. Heekin
> Ms. M. Diana Fedoroff
> The Heekin Law Firm
> 808 S.W. Third Avenue, Suite 540
> Portland, Oregon  97204
> Telephone:  503.222.5578
> Fax:  503.200.5135
> E-mail:  katherine@heekinlawoffice.com
>               diana@heekinlawoffice.com
>
> *Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

[X]    **CM/ECF system transmission.**

[ ]    **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

[ ]    **Facsimile communication device.**

[ ]    **Overnight courier, delivery prepaid.**

DATED this 27th day of October, 2015.

*/s/ Michael Porter*
Michael Porter, P.C., OSB No. 003560

*Of Attorneys for Defendants Oregon State University and Mike Riley*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204